LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  Michele F. Kyrouz (Bar No. 168004)
  Brett D. Collins (Bar No. 223357)
505 Montgomery St., Suite 2000
San Francisco, California 94111-2562
Tel: (415) 391-0600
Fax: (415) 395-8095

LATHAM & WATKINS LLP
  Peter W. Devereaux (Bar No. 119666)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
  Jacqueline D. Molnar (Bar No. 202145)
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant
ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OTTER CREEK PARTNERS I LIMITED PARTNERSHIP and OTTER CREEK INTERNATIONAL LIMITED, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP; DEBORAH J. LUDEWIG; and COOLEY GODWARD LLP,<br><br>Defendants. | Master Case No. 01-3361-CRB<br>CLASS ACTION<br><br>Action Filed:  October 22, 2003<br><br>ERNST & YOUNG LLP'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REQUEST A *DAUBERT* HEARING<br><br>The Honorable Charles R. Breyer<br><br>Pretrial Conference: Jan. 18, 2005<br>Time: 9:00 a.m.<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 8, 19th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MASTER CASE NO. 01-3361-CRB
E&Y'S NOTICE OF MOTION AND MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY AND REQUEST A *DAUBERT* HEARING

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Ernst & Young LLP ("E&Y") hereby moves the Court *in limine* for an order which sets forth an appropriate schedule for the bringing of any *Daubert* motions. This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and the files and records of this action, together with such arguments and evidence as may be presented to the Court at or prior to the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Ernst & Young LLP brings this motion to identify for the court the possible challenge under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579, 592, 113 S.Ct. 2786, 2796 (1993), that E&Y may bring once expert discovery is completed and to request a schedule for a *Daubert* motion and hearing.

In light of the expedited trial schedule in this case, the parties are required to serve motions *in limine* on December 29, 2004, prior to the completion of expert discovery. Expert depositions are scheduled to occur the week of January 10, 2005. Therefore, at this time, E&Y does not have the underlying documentation relied on by plaintiffs' experts and has not yet had a chance to question the experts in deposition to understand fully the basis for their opinions. Once that discovery is complete, E&Y may bring a *Daubert* challenge to plaintiffs' damages expert, Scott Hakala, and requests that the Court set a schedule for such a motion and hearing prior to the time plaintiffs' experts will testify at trial. *See* Fed. R. Evid. 104(a).

### II.   ARGUMENT

Expert testimony may be excluded if the reasoning or methodology underlying the testimony is invalid or irrelevant to the issues in the case. *Daubert,* 509 US at 592-93, 113 S.Ct. at 2796 (trial judge must ensure that any and all testimony or evidence admitted is not only relevant, but reliable); *Kumho Tire Co., Ltd. v. Carmichael*, 526 US 137, 148-149, 119 S.Ct.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MASTER CASE NO. 01-3361-CRB
E&Y'S NOTICE OF MOTION AND MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY AND REQUEST A *DAUBERT* HEARING

1167, 1174-75 (1999) (*Daubert* applicable to all expert testimony).

   Here, plaintiffs' damages expert, Scott Hakala, may be the subject of a *Daubert* challenge based on the models and methodologies used in his expert report. However, until E&Y has had an opportunity to review Mr. Hakala's underlying workpapers and computer spreadsheets (which have not yet been produced) and to depose Mr. Hakala about his work, E&Y cannot make this determination – nor effectively bring a challenge under *Daubert*. In exercising the "gatekeeping role" mandated by *Daubert,* the trial court generally will hold a "*Daubert* hearing" pursuant to Federal Rule of Evidence 104(a) to determine the reliability and relevance of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311, 1318, fn. 10 (9th Cir. 1995); *Allison v. McGhan Med. Corp*., 184 F.3d 1300, 1306 (11th Cir. 1999). E&Y therefore respectfully requests that the Court set an appropriate schedule for the bringing of any *Daubert* motions, and for the hearing thereon.

Dated: December 29, 2004

               LATHAM & WATKINS LLP
                Peter A. Wald
                Peter W. Devereaux
                Michele F. Kyrouz
                Jacqueline D. Molnar
                Brett D. Collins


            By   /s/ Michele F. Kyrouz
              Michele F. Kyrouz
              Attorneys for Defendant
              Ernst & Young LLP

SF\496837.2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MASTER CASE NO. 01-3361-CRB
E&Y'S NOTICE OF MOTION AND MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY AND REQUEST A *DAUBERT* HEARING